Ms. Melissa Volker Assistant City Attorney City of Hialeah Post Office Box 11-0040 Hialeah, Florida 33011-0040
Dear Ms. Volker:
You ask on behalf of the Hialeah City Council substantially the following question:
 Does s. 715.07, F.S. (1988 Supp.), which authorizes municipalities to regulate rates when towing vehicles parked on private property without the permission of the property owner, also permit municipalities to regulate the costs of:
 a) opening the motor vehicle, removal of linkage on the transmission, and securing of the steering wheel;
b) administrative fees; and
c) storage charges?
In sum, I am of the opinion that:
 Pursuant to s. 715.07(2), F.S. (1988 Supp.), a municipality is authorized to regulate the rates imposed for opening a vehicle, removal of linkage on the transmission, securing the steering wheel, and administrative fees when such costs are imposed for removing vehicles from private property pursuant to s. 715.07, F.S. (1988 Supp.). The imposition of storage charges, however, would not appear to be included within a municipality's authority to regulate towing rates.
Section 166.043, F.S. (1988 Supp.), prohibits a municipality from adopting a rule or ordinance which has the effect of imposing price controls on a business not franchised or owned by, or under contract with the municipality "unless specifically provided by general law."[1] The statute does not, however, "prevent the enactment by local governments of public service rates otherwise authorized by law, including . . . towing of vehicles from private property. . . ."[2]
Section 715.07, F.S. (1988 Supp.), provides certain minimum standards for the towing of vehicles parked on private property. Pursuant to s. 715.07(2), F.S. (1988 Supp.):
 The owner or lessor of real property, or any person authorized by the owner or lessor, which person may be the designated representative of the condominium association if the real property is a condominium, may cause any vehicle parked on such property without his permission to be removed by a person regularly engaged in the business of towing vehicles, without liability for the costs of removal, transportation, or storage or damages caused by such removal, transportation, or storage, under [the circumstances set forth therein]. . . .
The person or firm towing the vehicle is specifically authorized to enter the vehicle for the purpose of removing the vehicle, provided reasonable care is used.[3]
The Legislature in 1988 amended subsection (2)(b) of s. 790.07, F.S., to provide:
 These requirements shall be the minimum standards and shall not preclude enactment of additional regulations by any municipality or county including the right to regulate rates when vehicles are towed from private property.[4] (e.s.)
In light of the 1988 amendments to ss. 166.043 and 715.07, F.S., you ask what rates may be regulated by the municipality.
I am not aware of, nor have you brought to my attention, any appellate decision which has considered the authority of a municipality to regulate such fees.[5] Nor did an examination of the legislative history surrounding the 1988 amendment to these statutes provide much assistance.[6]
However, the opening of the vehicle, removal of linkage on the transmission, and the securing of the steering wheel would appear to be related to the towing of the vehicle and may, in fact, be reasonably necessary activities to remove and transport the vehicle.[7]
Accordingly, such charges, as incidents of and related to towing, would appear to be permissible areas of regulation by a municipality authorized to regulate towing charges. Similarly, to the extent that the administrative costs imposed are related to the towing of a vehicle, such costs would appear to be subject to a municipality's regulation of "towing rates."
Fees imposed for storage, however, would appear to be separate charges. Section 715.07, F.S. (1988 Supp.), itself refers to towing and storage charges as distinct costs.[8] Accordingly, the imposition of storage charges would not, in my opinion, appear to be necessarily included within the authority of a municipality to regulate the rates imposed for "towing."
Accordingly, I am of the opinion that pursuant to s. 715.07(2), F.S. (1988 Supp.), a municipality is authorized to regulate the rates imposed for opening a vehicle, removing linkage on the transmission, securing the steering wheel, and administrative fees when such costs are imposed for removing vehicles from private property pursuant to s. 715.07, F.S. (1988 Supp.). However, until legislatively or judicially clarified, the regulation of storage charges would not appear to fall within a municipality's authority to regulate towing rates.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 166.043(1), F.S. (1988 Supp.). And see, s. 125.0103, F.S. (1988 Supp.), containing similar provisions for counties.
[2] Section 166.043(1)(b), F.S. (1988 Supp.). The statute was amended by s. 2, Ch. 88-240, Laws of Florida, to include the phrase: "towing of vehicles from private property." See also, s.125.0103, F.S., as amended by s. 1, Ch. 88-240, Laws of Florida, containing the identical language.
[3] Section 715.07(2)(a)8., F.S. (1988 Supp.).
[4] See, s. 3, Ch. 88-240, Laws of Florida.
[5] In your memorandum of law, you refer to People v. James, 177 Cal.Reptr. 110, 122 Cal.App.3d 25 (4 D.C.A.Cal., 1981), in which a business owner was enjoined from having vehicles towed from his property. The towing company had imposed charges in addition to a basic towing charge similar to those in question in the instant inquiry. In considering the terms "towing" and "towage," the court stated that such terms "refer to those activities reasonably necessary to transport and impound a vehicle." The terms did not, however, include fees such as a "let-down" fee, "stand-by" fee, fees for being allowed to get personal property from the impounded vehicle or fees for the preparation of lien papers "since these activities are totally unrelated to towing and storage." 177 Cal.Reptr. at 118, 122 Cal.App.3d at 38.
[6] Committee substitute for SB 452 (enacted as Ch. 88-240, Laws of Florida), at one point, proposed to amend s. 715.07, F.S., to provide that counties and municipalities had the authority to impose additional regulations including the regulation of charges for such towing. This language, however, was changed to the current language on the floor of the House of Representatives after the House which had earlier passed CS/SB 452 recalled the bill for reconsideration. In presenting the revised bill, the sponsor, Representative Hanson, stated on the floor of the House of Representatives that this was a "regulation of towing rates by local governments bill." The bill is a "local option bill allowing your local governments to regulate towing rates when the vehicles are being towed only from private property." See, Tape, Floor Debates on CS/SB 452, House of Representatives, June 6, 1988.
[7] Cf., People v. James, supra.
[8] See, s. 715.07(2)(a)9., F.S. (1988 Supp.), stating that "[a] detailed, signed receipt showing the legal name of the company or person towing or removing the vehicle must be given to the person paying towing or storage charges at the time of payment, whether requested or not." (e.s.)